UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SPEARS,

    Plaintiff,

v.

EL DORADO COUNTY SUPERIOR COURT, et al.,

    Defendants.

No. 2:17-cv-2202-MCE-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel this action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. For the reasons that follow, the request is granted but the complaint must be dismissed with leave to amend.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

### III. Screening Order

Plaintiff alleges the following claims, all concerning an apparently ongoing child dependency case pending in the El Dorado County court concerning petitioner's son and step-son. Plaintiff claims:

(1) That he is being deprived of effective assistance of counsel in the dependency action;

(2) That he has been deprived of due process in the dependency action; and

(3) That state officials have deprived him of contact with his son in violation of the Eighth Amendment.

ECF No. 1. Plaintiff asks the court to order that he be provided effective counsel in the dependency case, that the state court hear plaintiff's motion to substitute counsel, that all proceedings in the dependency case be stopped until he has effective counsel and his substitution motion is heard, that he be allowed to communicate with his son, and that he be properly informed of all his parental rights concerning his son and his step-son. *Id.* at 7.

Under the doctrine commonly known as "*Younger* abstention," a federal court will not intervene in certain pending state proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971). The court may consider whether abstention is proper sua sponte. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011).

*Younger* abstention is appropriate where the pending state proceedings fall into one of three categories: (1) a criminal prosecution; (2) a civil enforcement proceeding; and (3) a civil proceeding "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, __ U.S. __, 134 S. Ct. 584, 588 (2013). In *Moore v. Sims*, 442 U.S. 415, 423-24 (1979), the U.S. Supreme Court found it appropriate to apply the doctrine to a pending state dependency proceeding concerning the

2

removal of children from a home due to suspected abuse, because such a proceeding was "in aid of and closely related to criminal statutes" and touched on important state policies. The Ninth Circuit has also applied the doctrine to pending custody and dependency actions. *E.g., H.C. v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000); *Williams v. California*, No. 16-56396, 2017 U.S. App. LEXIS 21830, at *1-2 (9th Cir. Oct. 31, 2017).

Having determined that this case falls within the categories in which *Younger* abstention is appropriate, the court will abstain if four requirements are satisfied: (1) the state proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff can raise his constitutional challenges in the state proceeding; and (4) whether judgment in the federal action would effectively enjoin the state proceeding. *Koppel*, 203 F.3d at 613.

Plaintiff's complaint makes clear that the state dependency action remains ongoing. ECF No. 1 at 9 (listing hearing dates in the dependency action, the last of which occurred on September 8, 2017). Further, the Ninth Circuit has held that family relations and child custody are important state interests. *Koppel*, 203 F.3d at 613. Thus, the first two requirements for abstention are met.

As to the third factor, plaintiff alleges that his appointed attorney has stopped communicating with him, he has not been transported to the most recent twelve hearings, and the state courts issued simple denials of his petitions for writ of mandate challenging the dependency court's denial of his motion to substitute his attorney (known in California as a "*Marsden* motion"). Plaintiff alleges that he has been informed that the court has started the process of "adopting out" his son and terminating plaintiff's parental rights without informing him. These are serious allegations. However, plaintiff does not provide allegations showing that he cannot raise his constitutional challenges to these alleged deficiencies in the state court proceeding and through direct appeal at the conclusion of the dependency case. *See Moore*, 442 U.S. at 425-26 ("[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Koppel*, 203 F.3d at 613 (finding that plaintiffs had an adequate state forum to raise their federal claims where some claims had already been raised in the state appellate courts and plaintiffs could pursue a direct appeal following final judgment).

Lastly, plaintiff explicitly seeks an injunction from this court to stop the pending state proceedings. Because all prerequisites for applying *Younger* abstention are met in this case, the court finds that the complaint should be dismissed. Nevertheless, the court will provide plaintiff for leave to amend to attempt to cure these deficiencies. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

## IV. Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: July 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4