UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SPEARS,

    Plaintiff,

v.

EL DORADO COUNTY SUPERIOR COURT, et al.,

    Defendants.

No. 2:17-cv-2202-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint was dismissed based on abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 6. He was granted leave to amend and has now filed an amended complaint (ECF No. 12) which is before the court for screening.

Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Like its predecessor, the immediate complaint relates to purported deficiencies in child dependency cases arising in El Dorado County Superior Court. But plaintiff maintains in the new complaint that *Younger* abstention is no longer appropriate because, now, the proceedings have entirely concluded. ECF No. 12 at 1. Nonetheless, the amended complaint fails to state a cognizable insofar as none of the remaining defendants – the El Dorado County Superior Court, El Dorado County Child Protective Services ("CPS"), and court appointed attorney Julie Tingler - are appropriate to a section 1983 action.[1] "A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *see Ray v. New Jersey*, 219 F. App'x 121, 124 (3d Cir. 2007) (New

---

[1] Plaintiff represents that he is no longer pursuing any claims against Judge Dylan Sullivan. ECF No. 12 at 1.

2

Jersey Superior Court was not a "person" under § 1983); *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1140-41 (7th Cir. 1999) (state supreme court was not a "person" subject to suit); *see also Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). Nor can plaintiff maintain a section 1983 claim against CPS. Sub-units of local government have generally been deemed not to fall into the category of "persons" for the purposes of section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (municipal police departments and bureaus are generally not considered 'persons' within the meaning of Section1983).

The only remaining defendant is Julie Tingler, who was allegedly appointed by the court to represent plaintiff's interests at the dependency hearings. Generally, court appointed counsel are not considered state actors for the purposes of section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law when performing traditional functions as counsel in a criminal proceeding); *see also Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2003) (private attorney appointed by court as a guardian ad litem does not act under color of law). Nevertheless, a claim can be stated against a public defender (or court appointed attorney) if facts are alleged that would show they conspired with state officials against client interests. *See Tower v. Glover*, 467 U.S. 914, 923 (1984). Nothing in the immediate complaint raises sufficient allegations of conspiracy, however. Plaintiff vaguely alludes to "concerted actions" between the state court, CPS, and defendant Tingler, but never contextualizes these claims. ECF No. 12 at 2. These conclusory allegations of conspiracy – assuming they are actually intended as such – are insufficient to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

<u>Leave to Amend</u>

Having determined that this amended complaint, like its predecessor, fails to state a viable claim, the court must determine whether to grant plaintiff further leave to amend. The record and the immediate allegations counsel against it. Plaintiff has already been afforded one opportunity to amend and his failure to name any appropriate defendant counsels against further attempts.

## Conclusion

Accordingly, it is RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 12) be dismissed without leave to amend for failure to state a claim upon which relief may be granted;

2. Plaintiff's motion for preliminary injunction (ECF No. 11) be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE